UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DIANE M. WILSON, | ) | CIV. 12-5078-JLV |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS SHORT BULL and | ) | |
| MICHELLE YANKTON, | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Diane M. Wilson, appearing *pro se*, filed an amended complaint alleging she was wrongfully terminated from her employment as a Teacher Assistant for the Wanblee Head Start program operated by the Oglala Lakota College ("OLC"). (Docket 6). Defendants Thomas Shortbull and Michelle Yankton filed a motion to dismiss the action for lack of jurisdiction. (Docket 12). The court referred defendants' motion to United States Magistrate Veronica L. Duffy for a report and recommendation. (Docket 17).

    On July 10, 2013, Judge Duffy filed a report recommending the court grant defendants' motion and dismiss Ms. Wilson's complaint without prejudice for failing to exhaust her tribal remedies. Id. Ms. Wilson filed an objection to the report, arguing "the tribal courts will not be impartial to [her] case due to loyalty to OLC College." (Docket 19).

    Judge Duffy thoroughly discussed the doctrine of exhaustion of tribal court remedies. (Docket 18 at pp. 6-10). The court adopts the magistrate

judge's analysis of National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845 (1985) and Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9 (1987). As noted by the magistrate, there are four exceptions to the requirement of exhaustion of tribal remedies. (Docket 18 at p. 10). Exhaustion is not required: (1) where assertion of tribal jurisdiction is made in bad faith or to harass; (2) where the action is "patently violative of express jurisdictional prohibitions"; (3) "where exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction"; and (4) where the tribe is attempting to assert civil jurisdiction over a non-member of the tribe. Id. (quoting Nevada v. Hicks, 533 U.S. 353, 364, 369 (2001)).

     Ms. Wilson does not object to the magistrate judge finding she failed to exhaust her tribal remedies. Rather, Ms. Wilson objects on the basis that she does not believe the tribal courts can be impartial because of their connection to OLC. (Docket 19). Ms. Wilson asserted this same argument in her response to defendants' motion to dismiss. (Docket 16). This contention does not fall within any of the exceptions to the exhaustion requirement noted above. In addition, the court agrees with the magistrate judge in finding exhaustion of tribal remedies in this case is particularly appropriate because Ms. Wilson's allegations are premised on the employment action of a tribally chartered organization. The court finds Ms. Wilson is required to exhaust her tribal remedies. Because Ms. Wilson has not exhausted those remedies, this court lacks jurisdiction over her action. Accordingly, it is hereby

ORDERED that plaintiff's objection to the report and recommendation (Docket 19) is denied.

IT IS FURTHER ORDERED that the report and recommendation (Docket 18) is adopted in full.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket 12) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice.

Dated January 16, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE